1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF CALIFORNIA

7

8    JOSEPH NEALE, JR.,                  Case No.  1:17-cv-01499-MJS (HC)

9              Petitioner,               **ORDER DIRECTING CLERK'S OFFICE TO
                                         ASSIGN A DISTRICT JUDGE TO THIS**
10        v.                             **MATTER**

11   STU SHERMAN, Warden,                **ORDER DIRECTING CLERK'S OFFICE TO
                                         SEND PETITIONER A BLANK CIVIL RIGHTS**
12             Respondent.               **COMPLAINT FORM**

13                                       **FINDINGS AND RECOMMENDATION TO
                                         DISMISS PETITION FOR WRIT OF HABEAS**
14                                       **CORPUS**

15                                       **(ECF NO. 1)**

16                                       **FOURTEEN (14) DAY OBJECTION
                                         DEADLINE**
17

18

19        Petitioner is proceeding pro se with a petition for writ of habeas corpus under 28

20   U.S.C. § 2254. He is incarcerated at the California Substance Abuse Treatment Facility

21   in Corcoran, California. He complains of property being lost or stolen during a cell

22   transfer.

23        Although Petitioner asserts that he is entitled to relief, it does not appear that his

24   claims implicate the fact or length of his detention. Petitioner was ordered to show cause

25   why the petition should not be dismissed on this basis. (ECF No. 5.) Plaintiff sought and

26   received an extension of time to respond to the order to show cause. (ECF Nos. 6, 7.)

27   Ultimately, however, no response was received and the time for such response has

28

passed. Accordingly, the undersigned recommends dismissal of the petition.

I. **Discussion**

    A.    **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254[1] Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    B.    **Failure to State Cognizable Claim**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules "apply to proceedings for habeas corpus . . . to the extent that the practice in such proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner does not challenge his underlying detention but rather the conditions of his confinement, specifically the loss of his property. Petitioner's claims, even if meritorious, would not provide a basis for federal habeas jurisdiction.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Here, Petitioner was ordered to show cause why the petition should not be dismissed and was afforded the opportunity to file an amended petition. He did not do so. As it does not appear possible that the deficiencies identified herein can be cured through amendment, Petitioner is not entitled to further leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### C. Conversion to Civil Rights Action

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition, which will be assigned a separate civil number.

## II. Conclusion and Recommendation

Because all parties have not consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Clerk of Court is directly to randomly assign this matter to a District Judge.

Based on the foregoing analysis, it is HEREBY RECOMMENDED that the petition be dismissed, without prejudice to Petitioner bringing his claims in a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk of Court is directed to send Petitioner a blank civil rights complaint form.

The findings and recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 23, 2018       /s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28